Filed 4/18/13  In re Steven S. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re STEVEN S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN S.,<br><br>    Defendant and Appellant. | F065790<br><br>(Super. Ct. No. JJD064578)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Allan Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

The court readjudged appellant, Steven S., a ward of the court after it sustained allegations in a petition (Welf. & Inst. Code, § 602) charging him with receiving stolen property (count 1/Pen. Code, § 496, subd. (a)),[1] petty theft (count 3/§ 484, subd. (a)), and resisting, delaying or obstructing a peace officer (count 4/§ 148, subd. (a)(1)).

On August 30, 2012, the juvenile court continued appellant as a ward of the court and placed him in his mother's custody. On appeal, appellant contends the evidence is insufficient to sustain his adjudication for resisting, delaying or obstructing a peace officer. We affirm.

## FACTS

On February 11, 2012, at approximately 12:05 a.m., Porterville Police Officer Michael Gray was on patrol in a marked police car when he received a dispatch that three subjects were carrying items and traveling westbound on Eastridge Circle. Gray responded to A Street on the west side of a large, open field that is situated directly west of where Eastridge Circle comes to a dead-end.

The field did not have any lights and was dark. It had a couple of dirt and paved roads and vehicle access on its west, north, and east sides. Gray drove onto the field eastbound from A Street towards Eastridge with the lights on his patrol car off, but he turned them on after traveling a few feet into the field. Gray was then able to see the three subjects, later identified as appellant and two other minors, walking toward him approximately 100 yards away in the middle of the field. Appellant was approximately six feet behind the other two minors and was carrying some items. The other two minors were carrying a large speaker box.

As Gray drove up to the three minors, they stopped and stood still until he was approximately 15 feet away then they suddenly dropped everything and ran eastbound. Two of the minors then ran north and Gray followed them approximately 100 yards

---

[1]     All further statutory references are to the Penal Code.

2

before he was able to take them into custody. Porterville Police Officer Anthony White eventually detained appellant in the parking lot of a restaurant 350 to 400 yards from the field and returned him to the location where Officer Gray had seen the three minors drop the items they were carrying. At that location, the officers found a speaker box, an amplifier, an electric drill, a book of CDs and a package of stickers, which were later determined to have been stolen.

Officer Gray did not turn on his emergency lights or order the three minors to do anything before they ran from him.

## DISCUSSION

Appellant contends the evidence is insufficient to sustain his adjudication for delaying or obstructing a peace officer because it is mere speculation that he knew or reasonably should have known that the vehicle that approached him and the two other minors in the field was a police vehicle. We disagree.

In determining whether the evidence is sufficient to support a finding in a juvenile court proceeding, the reviewing court is bound by the same principles as to the sufficiency and substantiality of the evidence which govern the review of criminal convictions generally. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.) Those principles include the following: "In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence-- evidence that is reasonable, credible and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

Section 148, subdivision (a)(1) provides, in relevant part, "[e]very person who willfully resists, delays, or obstructs any ... peace officer ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is

3

prescribed ..." is guilty of a misdemeanor.  Thus, "'[t]he legal elements of a violation of section 148, subdivision (a) are as follows:  (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.  [Citation.]'" (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329.)  Flight from an officer attempting to effect a lawful detention can constitute "delay[ing ] ... a peace officer"  (§ 148, subd. (a)(1)), provided the person fleeing knows the officer wishes to detain him. (*In re Gregory S.* (1980) 112 Cal. App.3d 764, 777-778; *People v. Allen* (1980) 109 Cal.App.3d 981, 985-987 (*Allen*).)

In *Allen*, *supra*, 109 Cal.App.3d 981, two police officers in a marked patrol car saw the defendant, Allen, in a group of people standing near the open trunk of a parked car, which appeared to contain a pile of jackets.  One of the subjects was holding what appeared to be a new jacket extended on his arm and placed it in the trunk when he saw the patrol car.  The officer "was in the process of stopping his police car when [Allen]," upon seeing the police car, slammed the trunk lid closed and began walking away "'in a hurry' and 'continuous[ly] looking over his shoulder'" at the officers.  (*Id*. at pp. 983-984.)  "At that point, ... the officers began to go after [Allen] in their police car."  (*Id*. at p. 984.)  "Finally, as the officers closed in, [Allen] broke into a run and eventually attempted to hide from the officers," who apprehended him and arrested him for violating section 148.  (*Id*. at p. 987.)  In appealing his conviction of receiving stolen property, Allen "argue[d] ... that the arrest for violation of … section 148 was unauthorized and that the subsequent events produced poisoned fruit of an illegal arrest."  (*Id*. at p. 985.)

In rejecting this argument, this court stated, "appellant apparently contends that the officer must advise the individual that he is under arrest or that the officer wants to detain him.  However, there is no reason to believe that appellant would have heeded a verbal warning with any more alacrity than he heeded the clear knowledge that the officer

4

wanted to detain and talk with him." (*Allen*, *supra*, 109 Cal.App. 3d at p. 987.) We concluded, "Since appellant knew he was going to be detained, and since the detention would clearly have been lawful, it was the officers' duty to cause the detention to be made. The actions of appellant (running and hiding) caused a delay in the performance of [the officer's] duty. As [the officer] personally perceived these events, he had probable cause to arrest for violation of … section 148, a misdemeanor." (*Ibid.*) In *Allen,* we also concluded, "Since the officer had the legal right, indeed duty, [citation] to detain appellant, appellant, if he was aware of the officer's desire, had the concomitant duty to permit himself to be detained." (*Id.* at p. 985.)

Here, upon driving onto the field in his marked patrol car, Officer Gray turned on his headlights as appellant and the two other minors were approximately 100 yards away in the middle of the field carrying a large speaker box and other stolen items. As Officer Gray approached the trio in his patrol car, appellant and his cohorts stood still until Gray was approximately 15 feet away from them when they dropped the stolen property they were carrying and ran away from the officer. It was undisputed in the juvenile court that Officer Gray had the right to detain the three minors to investigate what they were doing in the dark, open field late at night carrying the above-noted property. Further, the court could reasonably conclude from the above circumstances that the minors did not recognize the approaching vehicle as a police car until it was 15 yards away from them and at that point they dropped the stolen property and fled because they knew Gray was going to detain them and they wanted to avoid apprehension. Moreover, since Officer Gray had a legal right to detain the minors and the record supports the court's implicit finding that appellant was aware of Gray's desire to do so, appellant had a duty to permit himself to be detained. Therefore, by fleeing appellant violated section 148, subdivision (a)(1) because he delayed and obstructed Officer Gray in the performance of his duties.

Appellant contends that there is no evidence Officer Gray activated his emergency lights or called out to him and his cohorts or that the officer did anything other than

approach them in a dark, unlit field with the car's headlights aimed directly in their eyes. Appellant further contends that it was just as likely that an aggrieved owner of the stolen property or a neighbor was looking for them or that another vehicle was simply cruising in the unlit field for a malign purpose. Thus, according to appellant, the evidence is insufficient to support his adjudication for violating section 148 because the record does not contain substantial evidence that he knew or reasonably should have known that the vehicle that approached him and his cohorts was a police car. We disagree.

Allowing the car to approach them to a distance of 15 feet would have greatly facilitated the occupants of an unknown vehicle to assault or apprehend them if that was their intent. Thus, had appellant and the other minors thought that the vehicle was occupied by the owner of the stolen property, a neighbor, or someone with a malign purpose, it is unlikely they would have allowed the vehicle to approach so close before fleeing. That they did indicates that appellant and the other minors did not consider anyone in the vehicle a threat until the vehicle got close enough that they realized it was a police car and that was what caused them to flee. Accordingly, we conclude that the record contains substantial evidence that supports appellant's adjudication for resisting, delaying, or obstructing a police officer.

## DISPOSITION

The judgment is affirmed.

6